| | | |
|---|---|---|
| MIRANDA THORN, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM & ORDER** |
| BRITTANY PADGETT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss (Doc. Nos. 36, 37, 39, 43, 45). For the reasons explained below, the Court will grant the motions and dismiss the complaint.

## I.   BACKGROUND

Plaintiff Miranda Thorn, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983 against numerous defendants, including a state district court judge, an attorney who represented the opposing party in state court proceedings, a child advocacy center, county social services agencies, a sheriff's department and deputy, and various private individuals. The Amended Complaint, filed March 6, 2026, arises from Plaintiff's disagreement with the outcome of a child custody proceeding in Cleveland County District Court, in which the minor child was placed in the primary custody of the child's father following a trial on March 13, 2025.

Because Plaintiff proceeds *in forma pauperis*, the Court must screen the complaint and dismiss it if it is frivolous, malicious, or fails to state a valid claim. 28 U.S.C. § 1915(e)(2)(B). The Court has reviewed the Amended Complaint together with all pending Motions to Dismiss filed by the represented defendants.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited," and "courts are obligated to consider sua sponte" subject-matter jurisdiction issues that have not been presented. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). In this regard, the Federal Rules of Civil Procedure provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Court can dismiss the action if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

## III. DISCUSSION

### A. The Amended Complaint Is the Operative Pleading

The Amended Complaint (Doc. No. 34) was filed late. However, the Court extends flexibility considering Plaintiff's *pro se* status. The Court thus accepts the Amended Complaint as the operative pleading for purposes of this Order.

2

### B. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims

Federal courts are courts of limited jurisdiction. The crux of this lawsuit is a challenge to the outcome of a child custody proceeding—specifically, a state district court judge's rulings regarding the removal and placement of Plaintiff's minor child. Federal courts have long recognized that matters of domestic relations, including child custody, fall within the exclusive province of state courts. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). As the Supreme Court has observed,

> Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees.

*Id.* at 703–04. Plaintiff's request that this Court declare Defendants' conduct unconstitutional and award damages based on state court custody determinations implicates the domestic relations exception to federal jurisdiction. Therefore, the Court lacks jurisdiction over the substance of the custody dispute itself and all defendants, and the case must be dismissed. The Court nevertheless analyzes below the substantive claims as they relate to the defendants who filed motions to dismiss in this matter.

### C. Plaintiff Lacks Standing to Assert Fourth Amendment Claims on Behalf of Her Minor Child

Count I of the Amended Complaint alleges that "Defendants removed Plaintiff's child without a warrant or exigent circumstances," in violation of the Fourth Amendment. However, this claim is premised on the rights of the minor child,

not on any deprivation of Plaintiff's own Fourth Amendment rights. A Fourth Amendment claim belongs, if to anyone, to the child—not to Plaintiff in her individual capacity. Plaintiff, a *pro se* litigant, may not assert the constitutional claims of her minor child in federal court. *See Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) ("holding that non-attorney parents generally may not litigate the claims of their minor children in federal court"). Because Plaintiff lacks standing to bring this claim, Count I must be dismissed for lack of jurisdiction.

### D. Claims Against Judge Padgett Are Barred by Judicial Immunity and Sovereign Immunity

Plaintiff's claims against Judge Brittany Padgett arise entirely from judicial acts—entering orders, managing hearings, and making decisions in the pending child custody case. State court judges are entitled to absolute judicial immunity for acts performed within their judicial jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). This immunity applies even when a judge is alleged to have exercised authority improperly. *Id.* at 356.

To the extent Plaintiff sues Judge Padgett in her official capacity, those claims are additionally barred by the Eleventh Amendment and North Carolina sovereign immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). North Carolina has not waived sovereign immunity for § 1983 claims, and Congress has not abrogated it. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). All claims against Judge Padgett must therefore be dismissed.

### E. Claims Against Carol Dow

Ms. Dow is a private attorney who represented the opposing party in state

4

court. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted "under color of state law." As the Fourth Circuit has held, a private party's acts can be treated as the state's action where "the private party acts (1) in an exclusively state capacity, (2) for the state's direct benefit, or (3) at the state's specific behest." *Modaber v. Culpeper Mem'l Hosp., Inc.*, 674 F.2d 1023, 1025 (4th Cir. 1982). It appears Plaintiff never properly served Ms. Dow with a summons. Nevertheless, even if Plaintiff had effected service, conclusory allegations that Ms. Dow had a personal relationship with Judge Padgett do not satisfy § 1983's state-actor requirement. Because Ms. Dow was a private actor, and because the Amended Complaint was not properly served on her with a summons, all claims against Ms. Dow are dismissed.

### F. Claims Against Pat's Place Child Advocacy Center

Plaintiff's claims against Pat's Place rest on the allegation that it conducted a "brief two-minute examination" of the minor child. Even accepting this allegation as true, it fails to state a § 1983 claim. Plaintiff has not alleged that Pat's Place acted under color of state law. Further, the Amended Complaint does not identify any policy or custom of Pat's Place that caused a constitutional deprivation, as required for § 1983 liability against a private organization. *See, e.g.*, *Price v. Atrium Health*, No. 1:24-cv-00066-MR, 2024 WL 4597216, at *3 (W.D.N.C. Oct. 28, 2024). The claims against Pat's Place are dismissed.

### G. Claims Against the Cleveland County Sheriff's Office, Cleveland County DSS, and Deputy Vickers

Plaintiff's claims against these defendants center on an alleged failure to

investigate reports of injuries to the minor child. The Supreme Court has made clear that the Due Process Clause does not impose an affirmative duty on government agencies to protect individuals from private harm. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). Furthermore, private citizens have no constitutional right to compel a government investigation or prosecution of another. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). The Amended Complaint also fails to allege that any unconstitutional policy or custom of these entities caused a deprivation of Plaintiff's rights, as required for municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The Amended Complaint further contains no specific factual allegations against Deputy Vickers individually. All claims against these defendants are dismissed.

### H.     Claims Against James Zoldowski

Mr. Zoldowski is identified in the caption of the Amended Complaint but is nowhere mentioned in its body. No factual allegations, legal claims, or description of any conduct are attributed to him. A complaint that is silent as to a defendant except for his name in the caption cannot survive a motion to dismiss. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). All claims against Mr. Zoldowski are dismissed.

## IV.    CONCLUSION

The reasons for dismissal here are fundamental and jurisdictional: this Court cannot review state child custody orders under the domestic relations exception; judicial immunity shields Judge Padgett; private parties like Ms. Dow and Pat's Place are not state actors under § 1983; and Plaintiff lacks standing to bring Fourth

6

Case 3:25-cv-00950-MEO-DCK    Document 46    Filed 06/16/26    Page 6 of 7

Amendment claims on behalf of her child. Because no amended complaint could overcome these barriers, the Amended Complaint must be dismissed with prejudice.

The Court understands this litigation reflects the pain of a mother who believes she has been wronged, and the Court does not question Plaintiff's sincerity in her concerns for her child's welfare. Nevertheless, this Court lacks the authority to grant Plaintiff the relief she seeks.

**IT IS, THEREFORE, ORDERED** that:

1.  The Motions to Dismiss filed by Defendants Pat's Place (Doc. No. 36); Judge Brittany Padgett (Doc. No. 37); Carol Dow (Doc. No. 39); James Zoldowski (Doc. No. 43); and the Cleveland County Sheriff's Department, Cleveland County DSS, and Nathaniel Vickers (Doc. No. 45) are **GRANTED**;

2.  Plaintiff's Amended Complaint (Doc. No. 34) is **DISMISSED WITH PREJUDICE** as to all Defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); and

3.  The Clerk of Court is directed to close this case.

**SO ORDERED.**

Signed: June 16, 2026

Matthew E. Orso
United States District Judge